UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY J. STOSNY,

    Plaintiff,

v.

THE STATE OF NEW JERSEY,

    Defendant.

Civil Action No. 16-4633 (BRM)

OPINION

**MARTINOTTI, DISTRICT JUDGE**

Currently before this Court is the complaint of Plaintiff Anthony J. Stosny (Dkt. No. 1) and Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 1-1). As leave to proceed *in forma pauperis* is warranted in this matter, this Court will grant Plaintiff's application to proceed *in forma pauperis*. Because this Court is granting that application, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, this Court will dismiss with prejudice in its entirety Plaintiff's complaint against the State of New Jersey.

**I. BACKGROUND**

Plaintiff, Anthony J. Stosny, is a convicted state prisoner currently incarcerated at the Jones Farm Facility. Compl. 5-6. Plaintiff alleges that, during the over six years he has been incarcerated, he has been denied the value of his work credits. *Id.* Plaintiff also alleges that, because he has been returned to prison by the New Jersey State Parole Board for reasons that Plaintiff does not explain,[1] he has been incarcerated for longer than his original criminal sentence, and thus asks for

---

[1] Plaintiff states that he was released from prison in December 2013, and was returned to prison in December 2014, so it appears that he was likely returned to prison either based on a violation of parole or a violation of a supervised release term. Compl. 6. Given the fact that Plaintiff states he received a sentence under the No Early Release Act

compensation for the additional time spent in prison. *Id.* Plaintiff only names the State of New Jersey as a Defendant, only seeks money damages, and does not seek any injunctive relief in his complaint. *Id.* at 7.

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has been granted *in forma pauperis* status and is a prisoner bringing suit against the State.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege " 'sufficient factual matter" to show that the claim is facially plausible." *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 676). "A claim has facial plausibility when

---

("NERA") and NERA often requires a supervised release term after a defendant's prison term has ended, it is likely the latter. *Id.* at 5-6.

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff, in his complaint, seeks to raise claims against the State of New Jersey for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) ("Section 1983 provides private citizens with a means to redress violations of federal law committed by state individuals.").  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).  Here, Plaintiff attempts to raise a claim for money damages only against the State of New Jersey based on his allegations that he has been denied Due Process as to compensation for his work credits, and has been reincarcerated in violation of his rights under the Double Jeopardy Clause.

Plaintiff sues only the State of New Jersey, therefore his claims must be dismissed with prejudice for two reasons: (1) suits against a state for money damages in federal court are barred by the Eleventh Amendment; and (2) states are not considered "persons" subject to suit under § 1983 – the only basis Plaintiff raises for his current claims.  *See, e.g., Grohs v. Yatauro*, 984 F.

Supp. 2d 273, 280 (D.N.J. 2013) ("The Eleventh Amendment 'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction' over actions against a State," and "a state is . . . not a 'person' who may be sued under Section 1983.") (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir.1996); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–66, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989)). This Court must therefore dismiss the only named Defendant in this action, the State of New Jersey, with prejudice.

Although he does not state that he wishes to name them as Defendants themselves in this matter, Plaintiff does make mention of both Governor Christie, in his role as Governor of the State of New Jersey and therefore apparently in his official capacity, and the New Jersey State Parole Board, which he claims has wronged him. To the extent that he sought to name Governor Christie in his official capacity as Governor, Plaintiff's claim would still need to be dismissed because a suit against a state official for money damages in his official capacity is "not a suit against the official but rather is a suit against the official's office" and is "thus no different from a suit against the State itself." *Grohs*, 984 F. Supp. 2d at 280 (quoting *Will*, 491 U.S. at 71). Therefore, a suit against Christie in his official capacity[3] for money damages would be barred for the same reasons a suit is barred against the state itself. *Id.* Likewise, the New Jersey Parole Board is a unit of the State of New Jersey, is considered a part of the State, is not a "person" subject to suit under § 1983, and is therefore immune from suit in federal court. *Id.* Thus, even the two additional potential defendants Plaintiff may have wished to name would need to be dismissed with prejudice had they

---

[3] It does not appear that Plaintiff has a claim against Christie in his individual capacity in so much as Plaintiff has pled no facts suggesting Christie was involved in any of the actions about which he complains. Even if Plaintiff had such a claim, it would need to be dismissed without prejudice as Plaintiff has pled no facts to suggest Christie's personal involvement in the alleged wrongs. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . ."); *see also Iqbal*, 556 U.S. at 676.

4

been properly named. As such, this Court will dismiss Plaintiff's complaint with prejudice in its entirety at this time.

### III. CONCLUSION

For the reasons stated above, Plaintiff shall be granted *in forma pauperis* status and Plaintiff's claims shall be dismissed with prejudice. An appropriate order follows.

    /s/ Brian R. Martinotti
HON. BRIAN R. MARTINOTTI,
United States District Judge